*Johnny Cooper v. The Kroger Co. et al.*
*State Court of Cobb County, State of Georgia*
*Civil Action File Number:  21-A-4250*

*Johnny Cooper v. The Kroger Co. et al.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:22-mi-99999)*

# EXHIBIT A:  PETITION FOR REMOVAL

## ALL PLEADINGS, PROCESS, AND ORDERS SERVED UPON DEFENDANTS IN THE STATE COURT OF COBB COUNTY, STATE OF GEORGIA

ID#PE-J5GFXGK3-YBZ
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-4250**

### General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of ___Cobb___ County

**DEC 02, 2021 02:27 PM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| For Clerk Use Only | |
|---|---|
| **Date Filed** 12-02-2021 | **Case Number** 21-A-4250 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

COOPER, JOHNNY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

THE KROGER CO

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| The Kroger Co. Zero Hunger 1 Zero Waste Founda | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| ABC Corporations X-Z | | | | |
| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Ferguson, Mr. Jason M    **Bar Number** 258746    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
    - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
    - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____         _____
**Case Number**                              **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20



# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER <u>21-A-4250</u>

$248.00 COST PAID

COOPER, JOHNNY

---

**PLAINTIFF**

**VS.**

THE KROGER CO, DBA Kroger
The Kroger Co. Zero Hunger l Zero Waste
Foundation, DBA Kroger
ABC Corporations X-Z , DBA UNKNOWN

---

**DEFENDANTS**

## SUMMONS

TO: THE KROGER CO

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jason M Ferguson**
> **Ferguson Law Group, LLC.**
> **P.O. Box 887**
> **Fortson, Georgia 31808**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of December, 2021.**

Clerk of State Court

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-A-4250</u>

$248.00 COST PAID

COOPER, JOHNNY

_____

**PLAINTIFF**

**VS.**

THE KROGER CO, DBA Kroger
The Kroger Co. Zero Hunger l Zero Waste
Foundation, DBA Kroger
ABC Corporations X-Z , DBA UNKNOWN

_____

**DEFENDANTS**

**SUMMONS**

TO: THE KROGER CO. ZERO HUNGER L ZERO WASTE FOUNDATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jason M Ferguson**
**Ferguson Law Group, LLC.**
**P.O. Box 887**
**Fortson, Georgia 31808**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of December, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-J5GFXGK3-PPD
⬤ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-4250**

DEC 02, 2021 02:27 PM

*Robin C. Bishop*

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY GEORGIA
STATE OF GEORGIA**

| | |
|---|---|
| *JOHNNY COOPER,* | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| | FILE NO.: _____ |
| *THE KROGER CO., THE KROGER CO.* | |
| *ZERO HUNGER l ZERO WASTE* | |
| *FOUNDATION, and ABC CORPORATIONS* | |
| *X-Z.* | |
| Defendant. | |

**JURY TRIAL DEMANDED**

**COMPLAINT**

COMES NOW **JOHNNY COOPER**, plaintiff, and makes and files this complaint against defendants THE KROGER CO., THE KROGER CO. ZERO HUNGER l ZERO WASTE FOUNDATION, and ABC CORPORATIONS X-Z (hereinafter, "defendants").
as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff resides at and is subject to the jurisdiction of this court.

2.

The Kroger Co. is a is a foreign profit corporation existing under the laws of Ohio and may be served through its registered agent CSC of Cobb County, 192 Anderson Street SE, Suite 125, Marietta, GA 30060, Cobb County, and is subject to the jurisdiction of this court.

3.

The Kroger Co. Zero Hunger l Zero Waste Foundation is a foreign nonprofit corporation existing under the laws of Ohio and may be served through its registered agent Corporation Service Company, 2 Sun Court, Ste 400, Peachtree Corners, GA 30092, and is subject to the jurisdiction of this court.

4.

ABC Corporations X-Z are corporations that may be defendants in this litigation and have not yet been located. These corporation(s) are subject to the jurisdiction of this court.

5.

Jurisdiction and venue are proper in this court.

## **BACKGROUND**

6.

On October 19, 2019, the plaintiff was an invitee at the grocery store location of Defendants', Kroger location at 5664 Jonesboro Road, Lake City, Georgia, 30260.

7.

Plaintiff slipped and fell on tissue paper while walking down aisle 11, which caused him to hit his backside and hip.

- 2 -

8.

There were no cones or other warnings in the area of the tissue paper at the time of the fall.

9.

The defendants had exclusive ownership, possession, and control over isle 11 at all times relevant to this litigation.

10.

As a result of the plaintiff's fall, he suffered severe injuries to his body, including the areas of his backside and hip.

**COUNT 1**

**PREMISES LIABILITY**

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

11.

Plaintiff was an invitee on the premises at the time of the fall.

12.

The defendants owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as the plaintiff.

13.

The defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

14.

Defendant's negligence was the proximate cause of the plaintiff's injuries.

## COUNT 2
## VICARIOUS LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where the plaintiff fell were employed by the defendants and were acting within the scope of their employment.

17.

The defendants are jointly and severally responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency, or apparent agency.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

The defendants are jointly and severally negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning, and maintaining the premises.

20.

The defendants were jointly and severally was negligent in training and supervising its staff.

21.

As a result of the defendants' negligence in training and supervising its employees, plaintiff was injured on the premises.

WHEREFORE, plaintiff prays that he have a trial on all issues and judgment against defendants as follows:

(a)     That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

This 2 day of December 2021.

*LAW OFFICE OF JASON M. FERGUSON, LLC*

By: /S/Jason M. Ferguson

*JASON M. FERGUSON*

Georgia Bar No. *258746*

*Attorney for Plaintiff Johnny Cooper*

*P.O. Box 1929*

*Tifton, GA 31793*

*828-216-9022*

*Fax:   888-390-4993*

*Email:  jason@jmflegal.com*

- 5 -

ID# 75EXBGCR-WX4
⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-4250**

**DEC 26, 2021 03:41 PM**

*Robin C. Bishop*
State Court, Clerk of State Court
Cobb County, Georgia

## AFFIDAVIT OF SERVICE

**State of Georgia**                                   **County of Cobb**

Case Number: 21-A-4250

Plaintiff:
JOHNNY COOPER

vs.

Defendants:
THE KROGER CO., THE KROGER CO.
ZERO HUNGER I ZERO WASTE
FOUNDATION, and ABC CORPORATIONS
X-Z.

For:
Camden Process Service, LLC
141 Marys Court
St. Marys, GA 31558

Received by Absolute Reporting, LLC to be served on **THE KROGER CO registered agent CSC of Cobb County, 192 Anderson Street SE, Suite 125, Marietta, GA 30060**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **20th day of December, 2021 at 12:35 pm, I:**

served **THE KROGER CO registered agent CSC of Cobb County** by delivering a true copy of the **SUMMONS; COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Terri Thompson registered agent CSC of Cobb County, title: Process Specialist,** a person authorized to accept process for the Company, **THE KROGER CO registered agent CSC of Cobb County,** at the address of: **192 Anderson Street SE, Suite 125, Marietta, GA 30060.**

**Description** of Person Served: Age: 45, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 200, Hair: Dark Brown, Glasses: N

I certify that I am a citizen of the United States over the age of 18 and  have no interest in the above-styled case.

Signed and sworn before me on the _____ day of
_____, _____ by the affiant who is personally
known to me or produced identification.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Reporting, LLC**
**930 New Hope Road**
**Suite 11-110**
**Lawrenceville, GA 30045**
**(770) 736-8106**

Our Job Serial Number: RBC-2021001966
Ref: COOPER

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

NOTARY PUBLIC SEAL:
TIFFANY HORTON
NOTARY
EXPIRES
GEORGIA
May 18, 2023
PUBLIC
GWINNETT COUNTY

ID# E-T5EXBGCR-JRH
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-4250**

DEC 26, 2021 03:41 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia
State Court

**AFFIDAVIT OF SERVICE**

**State of Georgia**                              **County of Cobb**

Case Number: 21-A-4250

Plaintiff:
JOHNNY COOPER

vs.

Defendants:
THE KROGER CO., THE KROGER CO.
ZERO HUNGER I ZERO WASTE
FOUNDATION, and ABC CORPORATIONS
X-Z.

For:
Camden Process Service, LLC
141 Marys Court
St. Marys, GA 31558

Received by Absolute Reporting, LLC to be served on **THE KROGER CO. ZERO HUNGER L ZERO WASTE FOUNDATION registered agent Corporation Service Company, 2 Sun Court, Ste 400, Peachtree Corners, GA 30092**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **20th day of December, 2021** at **1:25 pm, I:**

served **THE KROGER CO. ZERO HUNGER L ZERO WASTE FOUNDATION registered agent Corporation Service Company** by delivering a true copy of the **SUMMONS; COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Barry Smith registered agent Corporation Service Company, title: Process Specialist,** a person authorized to accept process for the Company, **THE KROGER CO. ZERO HUNGER L ZERO WASTE FOUNDATION registered agent Corporation Service Company,** at the address of: **2 Sun Court, Ste 400, Peachtree Corners, GA 30092.**

**Description** of Person Served: Age: 33, Sex: M, Race/Skin Color: Black, Height: 5'10", Weight: 180, Hair: Black, Glasses: N

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

Signed and sworn before me on the ___21st___ day of
___December___ by the affiant who is personally
known to me or produced identification.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Reporting, LLC**
930 New Hope Road
Suite 11-110
Lawrenceville, GA 30045
(770) 736-8106

Our Job Serial Number: RBC-2021001967
Ref: COOPER



Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

ID: PE-LMCHXS2Q-RZM
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-4250**

DEC 26, 2021 03:47 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

**JOHNNY COOPER**

                Plaintiff,

v.

**THE KROGER CO., THE KROGER
COMPANY ZERO HUNGER / ZERO
WAST FOUNDATION & ABC
CORPORATIONS**

                Defendant.

CIVIL ACTION
FILE NO.: <u>21-A-4260</u>

**JURY TRIAL DEMANDED**

**<u>RULE 5.2 CERTIFICATE OF SERVICE</u>**

        In accordance with O.C.G.A Rule 5.2, I hereby certify that the above listed Defendant has been served with the following:

1.     **Plaintiff's First Interrogatories to Defendant**
2.     **Plaintiff's First Request for Production of Documents to Defendant**
3.     **Plaintiff's First Request for Admissions to Defendant**

This 26 of December, 2021.

                       **<u>LAW OFFICE OF JASON FERGUSON</u>**

                       */s/ Jason M. Ferguson*

                       **Jason M. Ferguson, Esq.**
                       Georgia Bar No. 258746
                       ***ATTORNEY FOR PLAINTIFF***

**730 Peachtree Street, NE
Suite 520
Atlanta, Georgia 30308
Telephone:  (800) 611-8804
Facsimile:   (883) 390-4663
jason@jmflegal.com**



ID# E-LMCHXS2Q-TSH
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-4250**

**DEC 26, 2021 03:47 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

**JOHNNY COOPER**

                    Plaintiff,

v.

**THE KROGER CO., THE KROGER
COMPANY ZERO HUNGER / ZERO
WAST FOUNDATION & ABC
CORPORATIONS**

                    Defendant.

CIVIL ACTION
FILE NO.: <u>21-A-4260</u>

<u>**JURY TRIAL DEMANDED**</u>

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT KROGER
COMPANY**

   **COMES NOW**, Plaintiff and through his counsel of record, and requires all listed Defendants to answer under oath the following Requests for Admissions within 45 days from the date of service of these Requests, pursuant to O.C.G.A. § 9-11-36(a)(2), and a copy of the answers to be furnished to Plaintiff's attorneys.

   <u>**NOTE A:**</u>   In reply to these Requests for Admission, your answer should specifically admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully admitted or denied.  Any denial shall fail to meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.  O.C.G.A. § 9-11-36(a)(2).

   <u>**NOTE B:**</u>   As the answering party, you may not give lack of information or knowledge as a reason for failure to admit or deny unless reasonable effort has been



made and the information known or readily obtainable and available to the Defendant is sufficient to enable the Defendant to admit or deny the matter. O.C.G.A. § 9-11-36(a)(2).

**NOTE C:**   If the Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection. Mixed questions of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admission. O.C.G.A. § 9-11-36(a)(1)(2).

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

**REQUEST FOR ADMISSION #1.** The Defendant manages the premises known as wherein the Plaintiff's fall subject to this lawsuit occurred.

**REQUEST FOR ADMISSION #2.** That Defendant has multiple insurance policies applicable to provide coverage for this subject date of loss.

**REQUEST FOR ADMISSION #3.** That Defendant allowed her policy to lapse without notifying Plaintiff.

**REQUEST FOR ADMISSION #4.** That Defendants knew about the defect on Plaintiff's floor but failed to act to repair, maintain it.

**REQUEST FOR ADMISSION #5.** That Plaintiff reported these defects and Defendant did nothing to mitigate or repair the risk.

**REQUEST FOR ADMISSION #6.** That Defendant failed to warn Plaintiff of known defects on the property.

**REQUEST FOR ADMISSION #7.** On the subject date of loss, Plaintiff was walking on a property owned, maintained, possessed, or controlled by Defendant's when Plaintiff slipped and fell on their property.

**REQUEST FOR ADMISSION #8.** Plaintiff was permitted as a guest on the property.

**REQUEST FOR ADMISSION #9.** Plaintiff was caused to trip and fall due to a hazardous condition that existed on Defendant's property on the subject date of loss.

**REQUEST FOR ADMISSION #10.** Plaintiff did not contribute or cause Plaintiff's fall on Defendant's subject property.

**REQUEST FOR ADMISSION #11.** Plaintiff did not assume the risk of the fall, nor did Plaintiff cause any injuries Plaintiff sustained.

**REQUEST FOR ADMISSION #12.** Plaintiff was injured as a result of this fall.

**REQUEST FOR ADMISSION #13.** Plaintiff sustained traumatic injuries as a result of the fall.

**REQUEST FOR ADMISSION #14.** Plaintiff sustained chronic injuries as a result of this fall.

**REQUEST FOR ADMISSION #15.** Defendant denied liability in response to Plaintiff's Demand.

**REQUEST FOR ADMISSION #16.** Defendant's insurance company refused to produce a policy or declarations page on her behalf.

**REQUEST FOR ADMISSION #17.** Plaintiff perfected service of the summons and complaint on Defendants.

**REQUEST FOR ADMISSION #18.** This action is filed in the correct venue.

**REQUEST FOR ADMISSION #19.** This Court has jurisdiction over Defendant.

**REQUEST FOR ADMISSION #20.** Plaintiff has stated a claim for in which relief can be granted.

**REQUEST FOR ADMISSION #21.**      Plaintiff has not failed to name a party in the above action, and there are no other negligent parties.

**REQUEST FOR ADMISSION #22.**      Defendant accepts liability, and concedes that their negligence caused Plaintiff's injuries.

**REQUEST FOR ADMISSION #23.**      The Defendant did not have adequate warning signs posted and/or the warning signs were improperly placed.

**REQUEST FOR ADMISSION #24.**      The supervision over the public premises was inadequate so insofar as the substance on the floor was not identified within the thirty (30) minutes preceding Plaintiff's fall.

**REQUEST FOR ADMISSION #25.**      Defendant's employees, agents, and/or representatives knew about the hazard causing Plaintiff to fall but did nothing to clean up the slippery substance on the floow.

**REQUEST FOR ADMISSION #26.**      Defendant failed to post warnings about the hazard on the premises that caused Plaintiff's fall.

**REQUEST FOR ADMISSION #27.**      Defendant is liable for causing Plaintiff to fall.

**REQUEST FOR ADMISSION #28.**      Defendant did not ask for it's agents and/or employees to clean up the substance on the floor prior to Plaintiff falling.

**REQUEST FOR ADMISSION #29.**      Other individuals have fallen in the same area as a result of the same or similar hazard.

**REQUEST FOR ADMISSION #30.**      The Defendant did not do anything wrong or improper pertaining to preventing Plaintiff's fall.

**REQUEST FOR ADMISSION #31.**     That   Defendant   concurs   her insurance carrier acted in bad faith.

**REQUEST FOR ADMISSION #32.**     That Defendant paid for a policy so she might be covered should liability claims against Defendant (such as this one) be asserted.

**REQUEST FOR ADMISSION #33.**     That   Defendant   had   a   reasonable expectation that her insurance company would provide Plaintiff with other applicable insurance claims.

**REQUEST FOR ADMISSION #34.**     That     Defendant's     insurance company caused additional hardship to Defendant.

**REQUEST FOR ADMISSION #35.**     That     Defendant's     insurance company failed to provide proper notice to Defendant that her insurance had lapsed.

**REQUEST FOR ADMISSION #36.**     That Defendant failed to notice the Floyd County Tax Assessors Board that her insurance had lapsed.

**REQUEST FOR ADMISSION #37.**     That because of the lapse of insurance coverage, Defendant was no longer entitled to hold a rental permit.

**REQUEST FOR ADMISSION #38.**     That Defendant knew or should have reasonably known, that the defects and disrepair of the subject premises posed a significant risk to Plaintiff and/or other invitees.

**Jason M. Ferguson, Esq.**
Georgia Bar No. 258746
*ATTORNEY FOR PLAINTIFF*

This 26 of December, 2021.

**LAW OFFICE OF JASON FERGUSON**

*/s/ Jason M. Ferguson*

**Jason M. Ferguson, Esq.**
Georgia Bar No. 258746
*ATTORNEY FOR PLAINTIFF*

**730 Peachtree Street, NE**
**Suite 520**
**Atlanta, Georgia 30308**
**Telephone:  (800) 611-8804**
**Facsimile:   (883) 390-4663**
**jason@jmflegal.com**

**IN THE SUPERIOR COURT OF FLOYD COUNTY**
**STATE OF GEORGIA**

ETHEL FRANCES JETER

                        Plaintiff,

v.

DEMPSEY INSURANCE AGENCY, INC;
JONATHAN B. CARNEY; PEGGY COSTLOW;
XYZ CORPORATIONS (#1-20); JOHN DOES
(#1-20),

                        Defendant.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

**RULE 5.2 CERTIFICATE OF SERVICE**

In accordance with O.C.G.A Rule 5.2, I hereby certify that the above listed Defendant has been served with the following:

1. **Plaintiff's First Interrogatories to Defendant**
2. **Plaintiff's First Request for Production of Documents to Defendant**
3. **Plaintiff's First Request for Admissions to Defendant**

This 26 of December, 2021.

                                     **LAW OFFICE OF JASON FERGUSON**

                                     */s/ Jason M. Ferguson*

                                     **Jason M. Ferguson, Esq.**
                                     Georgia Bar No. 258746
                                     *ATTORNEY FOR PLAINTIFF*

**730 Peachtree Street, NE**
**Suite 520**
**Atlanta, Georgia 30308**
**Telephone:  (800) 611-8804**
**Facsimile:   (883) 390-4663**
**jason@jmflegal.com**

ID#PE-LMCHXS2Q-2RG

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-4250**

**DEC 26, 2021 03:47 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

JOHNNY COOPER

                Plaintiff,

v.

THE KROGER CO., THE KROGER
COMPANY ZERO HUNGER / ZERO
WAST FOUNDATION & ABC
CORPORATIONS

                Defendant.

CIVIL ACTION
FILE NO.: <u>21-A-4260</u>

## JURY TRIAL DEMANDED

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT

TO:    Defendant, by and through counsel of record.

      Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant above named for response within 30 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

      The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

      In answering the following interrogatories, the defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendant.

## INTERROGATORY #1.

      State the name and address of any person, including any party, who, to your knowledge, information or belief:

      (a)      Was an eyewitness to the incident complained of in this action;



(b)      Has some knowledge of any fact or circumstance upon which your defense is based;

(c)      Has conducted any investigation relating to the incident complained of or the

background, employment, medical history or activities of the plaintiff.

### INTERROGATORY #2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

### INTERROGATORY #3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of the undersigned all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

### INTERROGATORY #4.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

### INTERROGATORY #5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

### INTERROGATORY #6.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

### INTERROGATORY #7.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident?  If so, please state:

(a)     Date of incident;

(b)     Name, address and telephone number of injured person;

(c)     Description of incident.

### INTERROGATORY #8.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in the response to the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### INTERROGATORY #9.

Please state the identity of each person working on the premises with any duties for the area where this incident occurred on the date of this incident.

### INTERROGATORY #10.

Has any entity issued a policy of liability insurance to the defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

### INTERROGATORY #11.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

### INTERROGATORY #12.

Do you contend that the plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

### INTERROGATORY #13.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

### INTERROGATORY #14.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by

or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## INTERROGATORY #15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## INTERROGATORY #16.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where this incident occurred.

## INTERROGATORY #17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## INTERROGATORY #18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any and all policy and procedure manuals given to the defendant's employees.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

## INTERROGATORY #19.

In regard to any document that has not been produced on grounds of privilege, please state the following:

    (a)      The date each document was generated;

    (b)      The person generating each document;

    (c)      The present custodian of each document;

    (d)      A description of each document.

## INTERROGATORY #20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any videotapes,

photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the plaintiff or the incident in question.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### INTERROGATORY #21.

Please identify each and every person working for the defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

### INTERROGATORY #22.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, the payroll records for the defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

### INTERROGATORY #23.

Have their ever been any complaints made about the area where this incident occurred?  If so, please state:

(a)     The date(s) of each complaint;

(b)     The person(s) making each complaint;

(c)     The nature of each complaint;

(d)     Any action taken as a result of each complaint.

### INTERROGATORY #24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### INTERROGATORY #25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any incident report or other report concerning the incident described in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### INTERROGATORY #26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.  In lieu thereof, you may attach copies to your answers to these interrogatories.

### INTERROGATORY #27.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where the plaintiff fell as described in the complaint?  If so, state:

    (a)      The identity of the contracting parties;

    (b)      The address and telephone number of the contracting parties;

    (c)      The duties of the contracting parties.

### INTERROGATORY #28.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where the plaintiff fell.  In lieu thereof, you may attach copies to your answers to these interrogatories.

### INTERROGATORY #29.

Please identify each and every witness or employee in the vicinity of the area where the plaintiff fell at the time of the incident.  In regard to each employee, please state:

    (a)      The name of each person;

    (b)      The address of each person;

    (c)      The telephone number of each person;

    (d)      The shift worked by each person if an employee;

    (e)      The job duties and responsibilities of each person if an employee.

### INTERROGATORY #30.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents

concerning the plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### INTERROGATORY #31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### INTERROGATORY #32.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### INTERROGATORY #33.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any surveillance videos taken on the day of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### INTERROGATORY #34.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### INTERROGATORY #35.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

### INTERROGATORY #36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area

where this incident occurred for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**INTERROGATORY #37.**

Have there been any audits, inspections or evaluations of the area where the plaintiff fell for the past five years?

**INTERROGATORY #38.**

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where the plaintiff fell for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

This 26 of December, 2021.

**LAW OFFICE OF JASON FERGUSON**

*/s/ Jason M. Ferguson*

**Jason M. Ferguson, Esq.**
Georgia Bar No. 258746
***ATTORNEY FOR PLAINTIFF***

**730 Peachtree Street, NE
Suite 520
Atlanta, Georgia 30308
Telephone:  (800) 611-8804
Facsimile:   (883) 390-4663
jason@jmflegal.com**

ID# PE-LMCHXS2Q-4DG
⏚ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-4250**

**DEC 26, 2021 03:47 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

**JOHNNY COOPER**

                Plaintiff,

v.

**THE KROGER CO., THE KROGER COMPANY ZERO HUNGER / ZERO WAST FOUNDATION & ABC CORPORATIONS**

              Defendant.

CIVIL ACTION
FILE NO.: <u>21-A-4260</u>

<u>**JURY TRIAL DEMANDED**</u>

<u>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

TO:    Defendant, by and through counsel of record.

      Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant above named for response within 30 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

      The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

      In answering the following interrogatories, the defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendant.

<u>**REQUEST TO PRODUCE #1.**</u>

      State the name and address of any person, including any party, who, to your knowledge, information or belief:

      (a)      Was an eyewitness to the incident complained of in this action;



(b)      Has some knowledge of any fact or circumstance upon which your defense is based;

(c)      Has conducted any investigation relating to the incident complained of or the

background, employment, medical history or activities of the plaintiff.

### REQUEST TO PRODUCE #2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

### REQUEST TO PRODUCE #3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

### REQUEST TO PRODUCE #4.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

### REQUEST TO PRODUCE #5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

### REQUEST TO PRODUCE #6.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

### REQUEST TO PRODUCE #7.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident?  If so, please state:

(a)    Date of incident;

(b)    Name, address and telephone number of injured person;

(c)    Description of incident.

### REQUEST TO PRODUCE #8.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in the response to the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #9.

Please state the identity of each person working on the premises with any duties for the area where this incident occurred on the date of this incident.

### REQUEST TO PRODUCE #10.

Has any entity issued a policy of liability insurance to the defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

### REQUEST TO PRODUCE #11.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

### REQUEST TO PRODUCE #12.

Do you contend that the plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

### REQUEST TO PRODUCE #13.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

### REQUEST TO PRODUCE #14.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by

or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #16.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where this incident occurred.

### REQUEST TO PRODUCE #17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any and all policy and procedure manuals given to the defendant's employees.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #19.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

### REQUEST TO PRODUCE #20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any videotapes,

photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the plaintiff or the incident in question.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #21.

Please identify each and every person working for the defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

### REQUEST TO PRODUCE #22.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, the payroll records for the defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

### REQUEST TO PRODUCE #23.

Have their ever been any complaints made about the area where this incident occurred?  If so, please state:

(a)     The date(s) of each complaint;

(b)     The person(s) making each complaint;

(c)     The nature of each complaint;

(d)     Any action taken as a result of each complaint.

### REQUEST TO PRODUCE #24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any incident report or other report concerning the incident described in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.   In lieu thereof, you may attach copies to your answers to these interrogatories.

### REQUEST TO PRODUCE #27.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where the plaintiff fell as described in the complaint?  If so, state:

(a)      The identity of the contracting parties;

(b)      The address and telephone number of the contracting parties;

(c)      The duties of the contracting parties.

### REQUEST TO PRODUCE #28.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where the plaintiff fell.  In lieu thereof, you may attach copies to your answers to these interrogatories.

### REQUEST TO PRODUCE #29.

Please identify each and every witness or employee in the vicinity of the area where the plaintiff fell at the time of the incident.  In regard to each employee, please state:

(a)      The name of each person;

(b)      The address of each person;

(c)      The telephone number of each person;

(d)      The shift worked by each person if an employee;

(e)      The job duties and responsibilities of each person if an employee.

### REQUEST TO PRODUCE #30.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents

concerning the plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #32.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #33.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any surveillance videos taken on the day of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #34.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #35.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

### REQUEST TO PRODUCE #36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area

where this incident occurred for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### REQUEST TO PRODUCE #37.

Have there been any audits, inspections or evaluations of the area where the plaintiff fell for the past five years?

### REQUEST TO PRODUCE #38.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *The Ferguson Law Group*, any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where the plaintiff fell for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

This 26 of December, 2021.

**LAW OFFICE OF JASON FERGUSON**

*/s/ Jason M. Ferguson*

**Jason M. Ferguson, Esq.**
Georgia Bar No. 258746
***ATTORNEY FOR PLAINTIFF***

**730 Peachtree Street, NE**
**Suite 520**
**Atlanta, Georgia 30308**
**Telephone:  (800) 611-8804**
**Facsimile:   (883) 390-4663**
**jason@jmflegal.com**