*Johnny Cooper v. The Kroger Co. et al.*
*State Court of Cobb County, State of Georgia*
*Civil Action File Number:  21-A-4250*

*Johnny Cooper v. The Kroger Co. et al.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:22-mi-99999)*

# EXHIBIT B:  PETITION FOR REMOVAL

## PLAINTIFF'S DEMAND LETTER

 

| | MAIN OFFICE:<br>(Oficina Principal)<br>Correspondence to: | 201 PEACHTREE ST. N.E., STE. 200<br>ATLANTA, GA 30303<br>TEL: (404) 952-2995<br>(770) 504-5644<br>(678) 207-0789<br>FAX:1 (866) 641-4690<br>**Tel: 1(800) 586-5555** |

February 6, 2020

Sedgwick CMS
Attn: Claims Dept.
P.O. Box 14452
Lexington, KY 40512-4452

<u>Sent via Certified U.S. Mail #7019 1120 0001 3066 7279—Return Receipt Requested & Fax to 877-498-8441</u>

Re:  Our Client       : Johnny Cooper
     Claim No.        : 30193740738-0001
     Location         : 301 Jonesboro Rd, McDonough, GA 30253
     Date of Accident : 10/19/2019

To Who It May Concern:

Please be advised that our client, Johnny Cooper, sustained very serious, life-altering injuries as a result of the above-referenced incident, for which there is no question as to liability on the part of Kroger whose employees failed to exercise due care in allowing the dangerous condition of a slippery substance to be present where patrons, such as our client, traversed. As a direct result of your employees' negligence our client slipped and fell on said substance, causing him serious injuries. *See e.g. Rothberg v. Bradley*, 85 Ga. App. 477, 480 (Ga. Ct. App. 1952); *Fulton Ice & Coal Co. v. Pece*, 29 Ga. App. 507 (1923); *Tybee Amusement Co v. Odum*, 51 Ga. App. 1 (1935). Also be advised that we have received medical records pertaining to the above referenced client, thus we are hereby forwarding the enclosed for your review and to be included in your evaluation.

Because of his injuries, Johnny presented to Southern Regional Medical Center for emergency medical attention to his neck, back, abdomen, and other issues. He then spent a number of hours in the hospital, undergoing a litany of diagnostic tests and treatment procedures, thereby incurring significant medical costs, before being discharged with a prescription for Hydrocodone and instructions regarding follow-up care. After he was released from the emergency room, continued pain and discomfort prompted Jonhhy to embark upon an extended course of regular physical therapy and medical care. Subsequent MRI testing revealed that he sustained *disrupted discs with cord involvement in his lumbar spine*, thus necessitating him being referred for more advanced medical supervision. Thereafter, Johnny came under the care of a pain management specialist M.D., who prescribed additional medications, as well as recommended *cervical epidural steroid injections*. Further, the need for more aggressive intervention, such as injections and/or surgical correction, has yet to be ruled out. Given the extreme severity of the injuries sustained by our client, the likelihood of being able to settle the instant claim within your insured's policy limits becomes ever slimmer with each passing day that his damages continue to increase.

Also, please be aware that pursuant to the "Unliquidated Damages Interest Act," set forth in O.C.G.A. section 51-12-14, if the Defendant fails to make payment on this amount within thirty (30) days from the mailing of this notice, my client shall be entitled to receive interest on the claimed sum if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the sum claimed. The interest

www.kpattorney.com • www.kpabogados.com

provided by section 51-12-14 shall be at the prime rate set on the date listed above plus 3% interest, and shall begin to run from the thirtieth (30th) day following the date of the mailing of this written notice through the date of judgment. This demand is made pursuant to O.C.G.A. § 51-12-14 which allows for interest in the amount of twelve percent (12) per annum when a demand for unliquidated damages is made by certified mail and when such demand is not paid within thirty (30) days from the date of mailing the notice, and when upon trial a judgment is made for an amount not less than that demanded.

Considering our client's said serious injuries, Johnny's damages may continue to accrue for some time to come. As such, should you wish to attempt to resolve this matter short of litigation, please note that we are hereby extending to you the opportunity to resolve Johnny's claim for the policy limits. Upon your review of the enclosed, we are confident you will agree that our offer to settle this case for the policy limits is easily justified, and you will thus promptly tender said sum to our office, located at 201 Peachtree St. NE, Suite 200, Atlanta, GA 30303, within thirty (30) days of receiving this letter. Please do not hesitate to contact the undersigned if you have any additional questions or concerns. Thank you for your anticipated cooperation.

Sincerely,

*[signature]*
Gabriella S. Barr, Esq.